**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC and UNILOC LICENSING USA LLC; <br><br> Plaintiffs, <br><br> v. <br><br> HIKE LTD. and HIKE PRIVATE LTD., <br><br> Defendants. | § § § § § § § § § § § § CIVIL ACTION NO. 2:18-cv-00417 <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc 2017 LLC and Uniloc Licensing USA LLC (together "Uniloc"), as and for their complaint against Defendants Hike Ltd. and Hike Private Ltd. (together "Hike"), allege as follows:

**THE PARTIES**

1. Uniloc 2017 LLC is a Delaware limited liability company having places of business at 620 Newport Center Drive, Newport Beach,

California 92660 and 102 N. College Avenue, Suite 303, Tyler, Texas 75702.

2. Uniloc Licensing USA LLC is a Delaware limited liability company having places of business at 620 Newport Center Drive, Newport Beach, California 92660 and 102 N. College Avenue, Suite 303, Tyler, Texas 75702.

3. Uniloc holds all substantial rights, title and interest in and to the asserted patent.

4. Upon information and belief, Hike Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Bharti Crescent 1, Nelson Mandela Road, Vasant Kunj New Delhi, 110070 India.

5. Upon information and belief, Hike Private Ltd., a subsidiary of Hike Ltd, is a

corporation organized and existing under the laws of India, having a principal place of business at Bharti Crescent 1, Nelson Mandela Road, Vasant Kunj New Delhi, 110070 India.

6. Hike offers its products, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas. Among other things, Hike engages in marketing activities that promote the use of the Hike Messenger app and its associated system.

## JURISDICTION

7. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Hike in this action because Hike has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Hike would not offend traditional notions of fair play and substantial justice. Hike has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patent.

9. Hike allows Eastern District of Texas residents to communicate with one another through its Messenger application.

10. In its marketing of the Messenger application, Hike uses Hike Ltd and Hike Private Ltd. interchangeably:



Source: https://get.hike.in/



Source: https://play.google.com/store/apps/details?id=com.bsb.hike

3

11. The pending United States trademark application registrations for "Hike Messenger" are listed as being owned by Hike Ltd.

12. Hike maintains an interactive support website, https://support.hike.in/hc/en-us, for its U.S.-based users (English – US indicator in URL) where residents in the Eastern District of Texas may register.



Source: https://support.hike.in/hc/en-us

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b). Because Hike Ltd. and Hike Private Ltd are not residents in the United States, they may be sued in any judicial district. Upon information and belief, Hike has also committed acts of

infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in the State of Texas.

**COUNT I**
(INFRINGEMENT OF U.S. PATENT NO. 7,020,252)

14. Uniloc incorporates the preceding paragraphs above by reference.

15. U.S. Patent No. 7,020,252 ("the '252 Patent"), entitled GROUP AUDIO MESSAGE BOARD that issued on March 28, 2016. A true and correct copy of the '252 Patent is attached as Exhibit A hereto.

16. Pursuant to 35 U.S.C. § 282, the '252 Patent is presumed valid.

17. The '252 Patent describes inventive features that are not well-understood, routine, and conventional.

18. Hike makes, uses, offers for sale, sells and/or imports into the United States a platform and application (or "app") marketed under the name "Hike Messenger." Hike Messenger can be downloaded to a mobile device through sites such as Google Play and the Apple App Store. Hike messenger includes a "Group feature." Any user can form a Group and every qualified member of that group can send audio recordings within the group (the "Accused Infringing Devices").

19. Any user registered on Hike can create a group of a certain number of people and share audio recordings amongst the group.



Source: product testing

20. Hike requests permissions for the camera and microphone to record the video and audio messages.



Source: product testing

21. A Hike user can record and send message by holding the microphone icon at the

bottom right within the Hike group. Upon holding down the icon, a red button appears, and the voice message begins to record.



Source: product testing.

22.　For accessing a particular group within Hike messenger, a Hike user signs up using their phone number. The user can create a group, add members to the group and be invited to a group. The group can share audio recordings amongst the members. Only the members of the group can send a recording and access the recordings within the group.



Source: product testing.

23.     The user who creates a group is called the group "admin." The admin can edit the group settings, designate other members of the group as an admin, restrict the ability to send recordings/messages, and ban any of the member of the group from sending messages for 24 hours.



Source: product testing



Source: product testing

9



Source: https://support.hike.in/hc/en-us/articles/360000040068-What-are-group-restrictions



Source: https://support.hike.in/hc/en-us/articles/360000040108-What-does-Banning-a-user-mean

  24. Any member who is a part of the group is called a group member. The user based on their group membership can access the audio recordings shared within the group. The user can also access and listen to the audio recordings previously recorded and shared by other group members.



Source: product testing.

25. Hike has directly infringed and continues to directly infringe, one or more claims of the '252 Patent in the United States during the pendency of the '252 Patent, including at least Claim 1 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale and/or selling the Accused Infringing Devices that operate as described above.

26. In addition, should the Accused Infringing Devices be found to not literally infringe claims of the '252 Patent, use of the devices would nevertheless infringe one or more claims of the '252 Patent. More specifically, the devices perform substantially the same function (allowing limited access to group message), in substantially the same way (using qualifying parameters) to yield substantially the same result (allowed access to the group message). Hike would thus be liable for direct infringement under the doctrine of equivalents.

27. Hike has indirectly infringed and continues to indirectly infringe at least Claim 1 of the '252 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale or sell1ing the Accused Infringing Devices. Hike's customers who use such devices in accordance with Hike's instructions directly infringe one or more of claims of the '252 Patent in violation of 35 U.S.C. § 271. Hike directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- https://support.hike.in/hc/en-us/articles/360000040068-What-are-group-restrictions
- https://support.hike.in/hc/en-us/articles/360000040108-What-does-Banning-a-user-mean

Hike is thereby liable for infringement of the '252 Patent under 35 U.S.C. § 271(b).

28. Hike has indirectly infringed and continues to indirectly infringe at least Claim 1 of the '252 Patent by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Infringing Devices, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '252 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

29. Hike will have been on notice of the '252 Patent since, at the latest, the service of this complaint upon Hike. By the time of trial, Hike will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of one or more of claims of the '252 Patent.

30. Hike may have infringed the '252 Patent through other devices, systems, and software utilizing the same or reasonably similar functionality as described above. Uniloc reserves

the right to discover and pursue all such additional infringing software and devices.

    31.    Uniloc has been damaged by Hike's infringement of the '252 Patent.

## **PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Hike as follows:

(A)    declaring that Hike has infringed the '252 Patent;

(B)    awarding Uniloc its damages suffered as a result of Hike's infringement of the '252 Patent pursuant to 35 U.S.C. § 284;

(C)    awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(D)    granting Uniloc such further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: September 30, 2018              Respectfully submitted,

By: */s/ James L. Etheridge*
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeff Huang
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX  76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jeff@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFFS UNILOC 2017 LLC and UNILOC LICENSING USA LLC**